OPINION
This case arose out of a divorce action between appellee, Tamala S. Musser, and appellant, John Paul Musser. Appellant appeals the trial court's distribution of marital property.
Appellant's assignments of error are as follows:
 1. The Trial Court Erred When it Awarded the Appellee Fifteen Thousand Dollars ($15,000.00) More To the Appellee Than It Did To The Appellant in the Divorce Decree.
 2. The Trial Court Erred When It Valued Appellant's Frequent Flyer Miles at Four Thousand Dollars ($4,000.00).
As support for his appeal, appellant sets forth the trial court's findings of assets, which resulted in a distribution of assets of $69,538.50 to appellee and $56,766.25 to appellant. In addition, he states that the trial court ordered appellant to pay appellee the sum of $5,927, and appellee to pay appellant the amount of $3,235 to "equalize the property settlement." He contends that this increased the inequality of distribution to an amount of $15,464.25. However, in his argument, appellant fails to consider the liabilities assigned to the parties. The trial court's spread sheet shows that appellee was assigned liabilities of $23,370.01, and appellant was assigned liabilities of only $11,548.08. Thus, considering both assets and liabilities, there was a net difference, according to the trial court, of $217.32 out of total gross assets of $129,000, which amounts to a differential of .17 percent. In addition, $617 was assigned for the tax liability amount when it should have been $792, which, as applied equally to the parties, would reduce the difference to $21.16.
R.C. 3105.171(C)(1) mandates equal distribution, unless inequitable, but R.C. 3105.171(F)(2) mandates a consideration of assets and liabilities. Obviously, it is the net equality that is important. The trial court followed the mandates of R.C. 3105.171 and made a fair and equitable distribution of the marital assets and liabilities.
Appellant also asserts that the trial court erred in valuing his frequent flier miles at $4,000, contending that the evidence does not show the value to be that great.
The court cannot take judicial notice of the value of frequent flier miles. It is not a matter of common knowledge or one that can be ascertained by reference to undisputed sources. See Evid.R. 201. Instead, the trial court must rely upon the evidence presented to it. Appellant presented the testimony of an experienced travel agent as an expert witness. The travel agent has been in domestic and international travel business for approximately thirteen years and has considerable experience with the use of frequent flier miles. Based upon her knowledge, training and experience, she testified that the 52,221 miles accumulated by appellant on his American Express account and exercisable on either Delta or US Air were worth $4,000. While appellant, on cross-examination, established the fact that appellant probably could not sell these miles on the open market for that amount, she was firm in her opinion that use of them could result in the purchase of tickets that would cost $4,000.
That evidence was sufficient to establish the value that the trial court placed on the frequent flier miles.
Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
 ___________________________ McCORMAC, J.
PETREE and DESHLER, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.